UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>and TRANSUNION, LLC,<br><br>    Defendants. | No. 23 CV 5382<br><br>Judge Manish S. Shah |

ORDER

Defendants' motion to dismiss, [15], is granted. The complaint is dismissed without prejudice for lack of jurisdiction. If plaintiff believes she can allege a concrete injury, plaintiff may file an amended complaint that cures the jurisdictional deficiencies identified in this order. If plaintiff does not file an amended complaint by August 1, 2024, the court will enter judgment and close the case.

STATEMENT

Plaintiff Taylor Coleman disputed information about two accounts on her Equifax and TransUnion credit reports. [9] ¶ 27.* Coleman sent the dispute letters via mail and confirmed that both defendant credit reporting agencies received the letters. [9] ¶¶ 28–30. Equifax and TransUnion responded to Coleman that the creditors had certified the information was correct, so Equifax and TransUnion would not be changing Coleman's report. [9] ¶ 32. Coleman filed suit under the Fair Credit Reporting Act, alleging that defendants violated their duties to follow reasonable procedures to assure maximum possible accuracy of the information on the reports, and to complete a reasonable reinvestigation of information on the reports after a consumer has notified the credit reporting agency that the information is incomplete or inaccurate. [9] ¶¶ 66–76 (citing 15 U.S.C. §§ 1681e(b) (accuracy), 1681i(a) (reinvestigation)). TransUnion moved to dismiss for lack of jurisdiction and failure to state a claim, [15], and Equifax joined the motion. [24], [26]. Defendants' motion is granted, and Coleman's complaint is dismissed without prejudice.

To bring a lawsuit in federal court, a plaintiff must have "standing" as defined by Article III of the Constitution; this requires her to show that she "(1) suffered an

---

* Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing.

injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Pit Row, Inc. v. Costco Wholesale Corp.*, 101 F.4th 493, 501 (7th Cir. 2024). Coleman must allege that she suffered a "concrete" injury, not a risk of future harm, to properly allege an injury-in-fact. *See Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–37 (2021). "A plaintiff must demonstrate standing with the manner and degree of evidence required at the successive stages of the litigation." *Ramirez*, 594 U.S. at 431 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Standing is a requirement for a federal court to have jurisdiction, or power, over a dispute. *Ramirez*, 594 U.S. at 422–23. Challenges to jurisdiction fall under Fed. R. Civ. P. 12(b)(1); a court reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction accepts all well-pleaded facts as true and draws all reasonable inference in plaintiff's favor. *See Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023).

Coleman alleges that defendants' violation of the FCRA caused her "loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress." [9] ¶¶ 67, 74. Coleman does not allege any facts to support her conclusion that her credit was diminished (or lost). *See Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) ("At the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of Article III standing].") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Coleman's complaint does not contain any factual allegations about the "loss of credit," for example, how she learned of her "loss of credit" or what that loss of credit meant to her. The simple conclusion that she "lost credit" is insufficient to allege a concrete harm.

Coleman's other claimed injuries are also too conclusory to show Article III injury. Coleman does not allege that her credit reports with inaccurate information were published or shared with a third party, which is necessary to allege reputational harms. *See Ramirez*, 594 U.S. at 433–34. Finally, emotional distress explained only as "stress", "anxiety", or "embarrassment" is insufficient to confer standing. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021). Coleman's complaint does not allege that she suffered an "injury-in-fact" to provide her standing to bring her claim. Her complaint is dismissed without prejudice.

A court without jurisdiction cannot review the merits of a claim, so I do not reach the other arguments in defendants' motion to dismiss. *See Mack v. Resurgent Cap. Svcs., L.P.*, 70 F.4th 395, 402 (7th Cir. 2023). Defendants argue that Coleman's complaint should be dismissed with prejudice, but dismissals for lack of Article III standing must be without prejudice. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021). Coleman's complaint is dismissed without prejudice.

ENTER:

Date:   July 11, 2024

　　　　　　　　　　　　　　　　　　　　Manish S. Shah
　　　　　　　　　　　　　　　　　　　　U.S. District Judge